UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE GARRISON,

    Petitioner,

v.

STATE OF CALIFORNIA,

    Respondent.

Case No. 18-cv-00916-RS (PR)

**ORDER REOPENING ACTION;**

**ORDER OF DISMISSAL**

## INTRODUCTION

This federal habeas corpus action was dismissed because petitioner failed to file an application to proceed *in forma pauperis* ("IFP") or pay the filing fee by the deadline; and because he failed to file a petition using this Court's form. Petitioner since has filed an IFP application and a petition on the correct form. The action is REOPENED. The Clerk is directed to modify the docket accordingly. The order of dismissal and the judgment are VACATED. (Dkt. Nos. 4 and 5.)

Petitioner seeks federal habeas relief under 28 U.S.C. § 2241 from his pretrial detention. The petition for such relief is now before the Court for review. For the reasons stated herein, the petition is DISMISSED.

## STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas

corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

## DISCUSSION

As grounds for federal habeas relief, petitioner alleges that he (1) was unconstitutionally deprived of a hearing; (2) is suffering under unconstitutional conditions of confinement; and (3) is being denied his right to a jury trial. All these claims are DISMISSED.

As to the first and third claims, the Court abstains from interfering in the on-going state criminal proceedings. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). More specifically, federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46, 53-54. *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all of the elements of *Younger* are present. Nothing in the petition suggests there are extraordinary circumstances requiring this

1    Court's interference in state court criminal proceedings.  As to the first *Younger* element,
2    the record demonstrates that petitioner's state court proceedings are ongoing.  Petitioner
3    had a probable cause hearing in January 2018, during which his next hearing date was set
4    for February 22, 2018.  (Pet., Dkt. No. 6 at 7, 10.)

As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973) (quoting *Younger*, 401 U.S. at 44).  As to the third prong of *Younger*, the Court finds no reason petitioner cannot pursue his constitutional claims in state court.  Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*.  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

Thus, *Younger* abstention is applicable here.  When *Younger* applies, and the party seeks injunctive relief, as petitioner does here by asking the Court to order his release, a request one can infer from his filing the instant petition, federal courts should dismiss the action in its entirety.  *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976).  Claims 1 and 3 are DISMISSED.

In his second claim, petitioner challenges the conditions, not the legality, of his confinement.  Therefore, if petitioner prevails on this claim it will not affect the length of his incarceration.  This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted IFP status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, the second claim will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. The second claim is therefore DISMISSED.

## CONCLUSION

The petition is DISMISSED. Petitioner's IFP application is GRANTED. (Dkt. No. 7.) Because petitioner is a pretrial detainee, the Clerk shall modify the docket to reflect that this action is brought under 28 U.S.C. § 2241 rather than, as the docket currently has it, under 28 U.S.C. § 2254. The Clerk shall terminate Dkt. No. 7, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 7, 2018

RICHARD SEEBORG
United States District Judge

ORDER OF DISMISSAL
CASE NO. 18-cv-00916-RS
4